# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PHILIP YUNGREIS,** on behalf of himself and all other similarly situated,<br><br>**Plaintiff,**<br>vs.<br><br>**TENAGLIA & HUNT, P.A. and JOHN DOES 1-25,**<br><br>**Defendants.** | Civ. No. 18-16614<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion of defendant Tenaglia & Hunt, P.A. ("T&H"), to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 5) The complaint alleges that certain language in a debt collection letter failed to clearly advise the debtor of his rights and is therefore invalid under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.*. Defendant's brief points out that the language in its letter virtually tracks that of the statute, and that identical language has been upheld in multiple cases in this district. For the reasons stated herein, the motion to dismiss the complaint will be granted.

## Standard

The standards governing a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief may be granted are familiar. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

1

A short and plain statement of plaintiff's entitlement to relief will do. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

The Court in considering a Rule 12(b)(6) motion is confined to the allegations of the complaint, with narrow exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Estate of Roman v. City of Newark*, 914 F.3d 789, 796–97 (3d Cir. 2019) ("complaint, exhibits attached to the complaint, [and] matters of public record" as well as documents "that a defendant attaches as an exhibit to a motion to dismiss," if "undisputedly authentic" and "the [plaintiff's] claims are based [on them]"); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or

2

explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.'" *In re Burlington*, 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991)).

The complaint attaches a copy of a collection letter, the wording of which is the very foundation of the allegations. ("Letter," DE 1-1) I may consider it on this motion without converting it to one for summary judgment.

**The Complaint**

The defendant, T&H, sent the plaintiff, Mr. Yungreis, Helinski, a letter dated October 18, 2018 (the "Letter"). A copy is attached to the complaint as Ex. A. (DE 1-1)) The Letter was sent by a debt collector in connection with collection of a consumer debt. It is on T&H's letterhead.

The body of the Letter reads as follows:

Dear Philip Yungreis

> Our law firm is outside counsel to Wells Fargo Bank, N.A. ("Wells Fargo Bank, N.A."), and has been asked to contact you regarding the unpaid balance on the above referenced account (the "Account"). Our client's records indicate that as of the date of this letter you owe $7,486.99. This balance may increase over time due to costs and/or fees.
>
> Wells Fargo Bank, N.A. has a range of payment options that may be available to assist you. Our law firm is committed to working with you to try to identify a solution to resolve your balance. If you have any questions or wish to discuss payment arrangements, please call our firm toll free at (866) 723-0578, Extension 120 to speak with Charles Hall Jr.

3

Please make all payments payable to Wells Fargo Bank, N.A. Payments may be mailed to our law firm at 395 W. Passaic St., Ste. 205, Rochelle Park, N.J. 07662.

Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty (30) days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty (30) days of the receipt of this notice, we will provide you with the name and address of the original creditor.

Very truly yours,

TENAGLIA & HUNT, P.A.

[signed] Colleen M. Hirst

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The Complaint alleges that this Letter fails to adequately communicate the consumer's right to dispute the debt, because the first sentence does not expressly state that the dispute must be in writing, and because the use of the word "if" in the second sentence implies that the in-writing requirement for disputing a debt is optional. The Letter is therefore said to violate the FDCPA, which requires certain notifications and prohibits the use of false, deceptive or misleading representations to collect a debt. *See* 15 U.S.C. § 1692g (prescribing contents of debt collector's initial communication to debtor); 15 U.S.C. § 1692e (prohibiting false and deceptive practices).

**Discussion**

The FDCPA affirmatively requires that a so-called "validation notice" or "G notice" be given, containing certain required disclosures:

4

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt col-lector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The FDCPA also more generally prohibits the use of false or misleading representations to collect a debt:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [is prohibited]." 15 U.S.C. 1692e(10)

Whether a communication is misleading must be assessed from the point of view of the "least sophisticated debtor." *Brown v. Card Service Center*, 464 F.3d 450, 454 (3d Cir. 2006). That hypothetical debtor, however, will be presumed to possess a "basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.*, 539 F. 3d 218, 221 (3d Cir. 2008).

This complaint must be dismissed because this Letter does not violate the notice provisions of the FDCPA and is not otherwise misleading.

5

I do not write on a clean slate here. In *Rodriguez v. Northland Group*, for example, Judge Wolfson upheld virtually identical language against a virtually identical attack.[1] No. CV 18-7692 (FLW), 2018 WL 6567705 (D.N.J. Dec. 13, 2018). That plaintiff, like Yungreis here, argued that the first sentence omitted the words "in writing" and that the use of "if" in the second sentence implied that the in-writing requirement was optional.

No, said Judge Wolfson; the first and second sentences must be read together.

> [B]y using the word "unless" in the first sentence, the notice informs the consumer of the consequences if he or she fails to dispute the debt. . . . Then, the remainder of the notice provides instructions on how to dispute the debt and the effect of disputing a debt. Under the least sophisticated debtor standard, the consumer is presumed to have read the whole letter. . . . . In that regard, the consumer would understand that the notification mentioned in the second sentence refers to the first; that is, read together, unless the debtor disputes the debt in writing, the debt would be presumed valid. In fact, nowhere does the notice suggest that a debtor may verbally dispute the debt. Rather, the only method included in the notice is an in-writing requirement. As such, I do not find that by using the word "if" in the validation notice here, a consumer would be confused as to how to dispute the debt.

2018 WL 6567705, at *5 (citations omitted). I agree.

---

[1] The notice in *Rodriguez* read as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgment or verification. If you request of this office in writing with 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Rodriguez*, 2018 WL 6567705, at *5. The analogous language in the Letter received by Yungreis, quoted at pp. 3–4, *supra*, is substantively indistinguishable.

I also note, as did the court in *Rodriguez*, that the language of this notice virtually tracks that of the statute, a practice that should ordinarily give a creditor safe harbor. *See* 15 U.S.C. § 1692g(a)(3)–(5), quoted *supra*.

The § 1692g notification analysis is "usually dispositive" of a parallel § 1692e claim. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 155 (3d Cir. 2013). Still, it is possible for a creditor to quote the statute and yet still mislead the consumer by including other language that contradicts or overshadows the statutory language. In *Caprio*, the letter had the correct notice on the back, but on the front stated in bold type that "if you feel you do not owe this amount, please call us toll free ... or write us at the above address." Although the validation notice of the in-writing requirement was held to be proper, this additional and more prominent invitation to "please call," explicitly tied to a dispute of the debt, was held to undermine it. *Id.*; *see also Wilson v. Quadramed Corp.*, 225 F.3d 350, 355 (3d Cir. 2000). No such "overshadowing" language is present here.

This Letter is written on T&H's letterhead, which, as is customary, contains T&H's address and telephone numbers. The language is clear and simple. The body of the letter gives a number and extension, and invites the recipient to telephone "[i]f you have any questions or wish to discuss payment arrangements." This language is in the same typeface as the rest of the Letter. It is directed to a debtor who has questions or wishes to make payment. The Letter does not suggest that the debtor telephone T&H as an alternative means of disputing the debt or obtaining written verification of it. And unlike the letter in *Caprio*, this one-page Letter does not prominently highlight the "please call" language or telephone number in a bold or larger typeface on page 1, while relegating the "in writing" requirement to regular typeface on the reverse side. *See Caprio*, 709 F.3d at 152–53 (relying on these factors).

Cases from the District of New Jersey reaching the same conclusion with respect to virtually or actually identical language include the following, cited by Judge Wolfson in *Rodriguez*:

> *Bencosme v. Caine & Weiner*, No. 2:18-cv-07990-MCA-MAH (DE 20) (D.N.J. March 6, 2019); *Portela v. Diversified Consultants, Inc.*, Civ. No. 17-3431 (JMV) 2019 WL 449198 (D.N.J. Feb. 5, 2019); *Ferrulli v. BCA Fin. Servs.*, No. 17-13177, 2018 WL 4693968, 2018 U.S. Dist. LEXIS 168631 (D.N.J. Sep. 28, 2018); *Riccio v. Sentry Credit, Inc.*, No. 17-1773, 2018 WL 638748, 2018 U.S. Dist. LEXIS 15661 (D.N.J. Jan. 31, 2018); *Max v. Gordon & Weinberg P.C.*, No. 15-2202, 2016 WL 475290, 2016 U.S. Dist. LEXIS 14703 (D.N.J. Feb. 8, 2016); *Hernandez v. Mercantile Adjustment Bureau, LLC*, No. 13-843, 2013 WL 6178594, 2013 U.S. Dist. LEXIS 166836 (D.N.J. Nov. 22, 2013).[2]

To the contrary is *Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. 17-7472, 2017 WL 6550486, 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017). With respect, I disagree with its reasoning, for the reasons stated above.[3]

---

[2] *Rodriguez* also cited cases from outside the District of New Jersey that reached a similar conclusion:

> *Hillman v. NCO Fin. Sys., Inc.*, No. 13-2128, 2013 WL 5356858, 2013 U.S. Dist. LEXIS 137221 (E.D. Pa. Sep. 25, 2013); *Velez v. Cont'l Serv. Grp.*, No. 17-2372, 2018 WL 1621625, 2018 U.S. Dist. LEXIS 57282 (M.D. Pa. Apr. 4, 2018); *Parker v. CMRE Fin. Servs., Inc.*, No. 07-1302, 2007 WL 3276322, 2007 U.S. Dist. LEXIS 82272 (S.D. Cal. Nov. 5, 2007); *Sebrow v. NCO Fin. Sys., Inc.*, No. 08-1725, 2009 WL 2707341, 2009 U.S. Dist. LEXIS 76582 (E.D.N.Y. Aug. 27, 2009); *Borucki v. Vision Fin. Corp.*, No. 13-386, 2013 WL 2477067, 2013 U.S. Dist. LEXIS 80419 (E.D. Wis. June 7, 2013); *Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7, 8-9 (D.S.C. 1992); *Aronson v. Commercial Fin. Servs.*, No. 96-2113, 1997 WL 1038818, 1997 U.S. Dist. LEXIS 23534 (W.D. Pa. Dec. 22, 1997).

[3] *Poplin v. Chase Receivables*, Inc., Civ. No. 18-404 DE 19, attached to Yungreis's brief, initially denied a motion to dismiss. Judge Arleo recently reconsidered and granted summary judgment for defendant. Letter order, Civ. No. 18-404 DE 65 at p. 2 ("Although this Court initially denied Defendant's Motion to Dismiss, ECF No. 19, the Court has reconsidered the language of Defendant's letter and the Third Circuit precedent and now agrees that Defendant's letter effectively conveys the debtor's rights."). (T&H submitted a copy of this opinion as supplemental authority. (DE 13))

## CONCLUSION

For the reasons stated above, T&H's motion to dismiss the complaint (DE 5) is GRANTED, without prejudice to the submission within 30 days of a properly supported motion to amend the complaint.

*[signature]*

Hon. Kevin McNulty
United States District Judge